IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| REMEDPAR, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 3:09-cv-00807 |
| | ) |
| ALLPARTS MEDICAL, LLC and | )    Judge Thomas A. Wiseman, Jr. |
| THOMAS CAMACHO, | ) |
| | ) |
|     Defendants. | ) |

## ORDER

Before the Court are two separate Motions to Dismiss filed by Defendants AllParts Medical, Inc. (Doc. No. 31) and Thomas Camacho (Doc. No. 33), seeking dismissal of ReMedPar, Inc.'s Verified Complaint. ReMedPar's complaint asserts federal claims against Defendants for violations of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, as well as supplemental state-law claims based upon alleged violation of the Tennessee Uniform Trade Secrets Act and the Tennessee Personal and Commercial Computer Act. This Court's jurisdiction is premised upon the existence of the federal claims; the Court's supplemental jurisdiction extends to the state-law claims pursuant to 28 U.S.C. § 1367(a). In their motions to dismiss, Defendants assert that the CFAA claims should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, and that the Court, after dismissing RMP's federal claims, should decline to exercise supplemental jurisdiction over the remaining state-law causes of action.

The Sixth Circuit has not yet provided guidance on the issues presented but, for the reasons explained in the accompanying Memorandum Opinion, this Court is persuaded by the reasoning adopted by the Ninth Circuit in *LVRC Holdings LLC v. Brekka*, 481 F.3d 1127 (9th Cir. 2009), as well that of *Black & Decker (US), Inc. v. Smith*, 568 F. Supp. 2d 929 (W.D. Tenn. 2008), among other district courts, finding that the terms "authorization," "exceeds authorization," and "loss" as they are used in the CFAA should be narrowly construed and applied. To state a civil claim under the CFAA, a plaintiff must allege, as an element of the cause of action, first that the access to the protected computer was either unauthorized or in excess of the authorization granted, and that as a result of that unauthorized access it suffered "loss" as that term is defined by the statute. Plaintiff ReMedPar simply has not alleged in the Verified Complaint

that AllParts accessed its computer system at all, or that Camacho's access to its computer system was unauthorized or exceeded his authorization; ReMedPar also has not alleged facts suggesting it suffered the type of loss covered by the statute, even construing the allegations in the light most favorable to the plaintiff and drawing all inferences in its favor. Defendants' motions (Doc. Nos. 31 and 33) are therefore **GRANTED** as follows: The claims under the CFAA are **DISMISSED** for failure to state a claim. Having concluded that dismissal of the federal claims asserted in the complaint is warranted, the Court declines to exercise supplemental jurisdiction over the state-law claims; those claims are therefore **DISMISSED WITHOUT PREJUDICE** pursuant to the discretion granted by 28 U.S.C. § 1367(c)(3).[1]

Judgment is hereby entered in favor of the Defendants.

It is so **ORDERED**.

This is a final judgment for purposes of Fed. R. Civ. P. 58, from which an appeal may lie.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge

---

[1] The Court notes that the Tennessee Uniform Trade Secrets Act incorporates a three-year statute of limitations, which has not yet expired. Tenn. Code Ann. § 47-25-1707. The Tennessee Personal and Commercial Computer Act of 2003 does not contain its own limitations period, but even presuming claims thereunder are subject to the one-year statute of limitations that applies to torts, Tenn. Code Ann. § 28-3-104, the plaintiff's claims here would still be subject to the one-year savings provision set forth in Tenn. Code Ann. § 28-1-105.